IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| AMBER OLWEILER and JASON OLWEILER | ) ) ) Civil Action No. |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1 *et seq.*, constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq.* and other state common law rights.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiffs Jason and Amber Olweiler are adult individuals residing at 1 Wynnewood, Elizabethtown, Pennsylvania 17022.

4. Defendant Portfolio Recovery Associates, Inc. is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

5. At all time pertinent hereto, Defendant was hired to collect on an account relating to a delinquent credit card account dating back to 1998 that allegedly belonged to Mrs. Olweiler.

6. The alleged debts at issue arose out of transactions which were primarily for personal, family or household purposes.

7. At all material times, Mr. Olweiler did not owe the debt and has never owed a debt to Defendant.

8. At all times pertinent hereto, Defendant made use of an automatic telephone dialing systems to contact Plaintiffs on their cellular telephones.

9. On or about September 30, 2010, Defendant contacted Mr. Olweiler on his cell phone in an attempt to collect the debt.

10. On or about October 1, 2010, upon learning that her husband was contacted by Defendant, Mrs. Olweiler faxed Defendant a letter requesting that Defendant cease and desist from contacting her or her husband any further. (A true and correct copy of relevant letter is attached hereto as Exhibit A and is incorporated herein.)

11. Notwithstanding the above, on or about October 8, 2010. Defendant contacted Mr. Olweiler again on his cell phone in an attempt to collect the debt with the intent to annoy

abuse and harass Plaintiffs. Mr. Olweiler even advised Defendant's representative that Mrs. Olweiler could not be reached at this number.

12.     Furthermore, on or about October 8, 2010, upon learning of the subsequent telephone call by Defendant to her husband, Mrs. Olweiler both faxed and mailed another letter to Defendant again requesting that Defendant cease and desist from contacting her or her husband any further. A true and correct copy of relevant letter is attached hereto as Exhibit B and is incorporated herein.

13.     Notwithstanding the above, on or about October 10, 2010, Defendant called Mr. Olweiler's cell phone again at 3:15 P.M. in an attempt to collect the debt with the intent to annoy abuse and harass Plaintiff.

14.     Defendant then called Mrs. Olweiler's cell phone at 3:16 P.M. on October 10th and again at 10:26 A.M. on October 12, 2010 in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff.

15.     On or about October 12, 2010, Mrs. Olweiler faxed yet another letter requesting that Defendant cease and desist from contacting her or her husband any further. A true and correct copy of relevant letter is attached hereto as Exhibit C and is incorporated herein.

16.     Notwithstanding the above, Defendant then called Mrs. Olweiler's cell phone on October 15, 2010 at 2:23 P.M., October 20, 2010 at 2:24 P.M., and October 22, 2010 at 10:30 A.M.

17.     On or about October 22, 2010, Mrs. Olweiler faxed her fourth letter requesting that Defendant cease and desist from contacting her or her husband any further. (A true and correct copy of relevant letter is attached hereto as Exhibit D and is incorporated herein.)

18. Notwithstanding the above, Defendant then called Mrs. Olweiler's cell phone on October 26, 2010 at 12:05 P.M.

19. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor in connection with the collection of a debt regarding information other than location information of the debtor.

20. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor in connection with the collection of a debt.

21. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor in connection with the collection of a debt on more than one occasion.

22. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor in connection with the collection of a debt.

23. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer after notifying Defendant in writing that the consumer wishes the debt collector to cease further communication.

24. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of the debt.

26. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

27. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

28. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance with the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

31. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

32. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

35.     The above contacts between Defendant and Plaintiffs were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

36.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(2), 1692b(3), 1692c(b), 1692c(c), 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

(a)     Communicating with any other person than the debtor in connection with the collection of a debt regarding information other than the location of the debtor;

(b)     Communicating with any other person than the debtor in connection with the collection of a debt;

(c)     Communicating with any other person than the debtor in connection with the collection of a debt on more than one occasion;

(d)     Communicating with any other person than the debtor in connection with the collection of a debt;

(e)     Communicating with a consumer after notifying Defendant in writing that the consumer wishes the debt collector to cease further communication;

(f)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(g)     Misrepresenting the character, amount, or legal status of the debt;

(h)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(i) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

38. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## COUNT II - VIOLATIONS OF THE TCPA

39. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

40. At all time relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

41. Defendant initiated multiple calls to Plaintiffs' cellular telephones using an automatic telephone dialing system to make the calls without the express consent of Plaintiffs in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

42. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense legal justification or legal excuse.

43. As a result of the above violations of the TCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory, actual damages and treble damages.

## COUNT III – VIOLATIONS OF THE FCEUA AND UTPCPL

44. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

45. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

46. Plaintiffs are "debtors" as defined by 73 P.S. § 2271.3 of the FCEUA.

47. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

48. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Communicating with any other person than the debtor in connection with the collection of a debt regarding information other than the location of the debtor;

    (b) Communicating with any other person than the debtor in connection with the collection of a debt;

    (c) Communicating with any other person than the debtor in connection with the collection of a debt on more than one occasion;

    (d) Communicating with any other person than the debtor in connection with the collection of a debt;

    (e) Communicating with a consumer after notifying Defendant in writing that the consumer wishes the debt collector to cease further communication;

    (f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (g) Misrepresenting the character, amount, or legal status of the debt;

(h) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(i) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

49. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

50. As a result of the above violations of the FCEUA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling Plaintiffs to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT IV– INVASION OF PRIVACY

51. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

52. Defendant's conduct, including but not limited to continuing to attempting to collect a debt after receiving written notification requesting that Defendant cease all contact with Plaintiffs constitutes an invasion of privacy.

53. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

54.

## JURY TRIAL DEMAND

55.     Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

Respectfully Submitted,

FRANCIS & MAILMAN, P.C.

BY: /s/ Mark D. Mailman
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs

DATE: November 24, 2010